# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY CARNEY, | : |
| Petitioner, | : Civ. No. 20-872 (PGS) |
| v. | : |
| UNITED STATES OF AMERICA, | : **MEMORANDUM AND ORDER** |
| Respondent. | : |

*Pro se* petitioner, Barry Carney, is a federal prisoner. He seeks to file a motion to vacate, set aside or correct his sentence pursuant 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the updated form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). Specifically, the motion fails to include the certification on page 15 of the District's form, which requires petitioner to acknowledge that he must include all the grounds for relief from the conviction or sentence in this motion and if he fails to set forth all the grounds, he may be barred from presenting additional grounds at a later date. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).

Therefore, IT IS this ___ day of February, 2020,

ORDERED that the Clerk shall administratively terminate this case; petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v.*

*Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the motion is or is not timely, or that petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, within thirty (30) days of the date of entry of this memorandum and order; petitioner's writing shall include a complete, signed habeas petition on the appropriate updated form supplied by the Clerk; and it is further

ORDERED that upon receipt of a writing from petitioner stating that he wishes to reopen this case, and a complete, signed § 2255 motion, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this memorandum and order and a blank section 2255 form - AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) upon petitioner by regular U.S. mail.

PETER G. SHERIDAN
United States District Judge