Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARRY CARNEY, | : | |
| Petitioner, | : | Civ. No. 20-872 (PGS) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Respondent. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

### I.

Petitioner, Barry Carney ("Petitioner"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 3, "Motion".) Following an order to answer, the Government filed a response to the motion (ECF No. 7), and Petitioner filed a reply (ECF No. 8). For the reasons set forth below, the Court will deny Petitioner's motion and will not issue a certificate of appealability.

### II.

In 2016, the Mercer County Prosecutor's Office, Special Investigations Unit, received information from a confidential informant ("CI") that an individual known as "B" was distributing quantities of crack cocaine within the City of Trenton, New

Jersey. (*See* ECF No. 7-4 at 5.) The CI indicated that "B" sold the crack cocaine from his vehicle, a 2008 GMC Acadia. (*Id.*) In 2017, Mercer County Prosecutor's Office ("MCPO") investigators conducted an investigation, during which Petitioner was identified as a narcotics trafficker. (*Id.*) The investigation included controlled purchases of narcotics by the CI operating under law enforcement's direction and supervision, as well as physical surveillance of Petitioner in his vehicle, a black 2008 GMC Acadia. (*See id.* at 6-13.)

On July 31, 2017, MCPO investigators obtained search warrants for Petitioner's person, the 2008 GMC Acadia, and another premises in Trenton. (*See id.* at 16-22.) On August 1, 2017, Petitioner was observed driving his Acadia near the area of Chambers Street and Walnut Avenue in Trenton, New Jersey. (*See* ECF No. 7-2 at 3.) Officers executed the search warrant and Petitioner was taken into custody. (*Id.*) A crowd had gathered around the Acadia, thus, officers drove the vehicle from Walnut Avenue to Liberty Street, where a search of the vehicle took place. (*Id.*) A black H&K .45 caliber handgun (serial number 216-014761), containing eight rounds of ammunition, with one round chambered in the weapon, approximately 210 grams of cocaine, and $3,430.00 were recovered from a hidden compartment in the rear of the front passenger seat. (*Id.*)

On October 24, 2017, Petitioner was charged in a two-count criminal complaint with unlawful possession of a firearm by a convicted felon, 18 U.S.C.

§922(g)(1); and possession with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C). (Crim. No. 18-cr-361, ECF No. 1.) On June 26, 2018, Petitioner waived his right to be charged by indictment and consented to proceed by information. (*Id.*, ECF No. 16.) The information charged Petitioner with the above cited two counts from the complaint. (*Id.*, ECF No. 15.)

Petitioner's presentence report ("PSR") indicates that prior to his arrest in this matter, Petitioner was convicted of the following felony offenses:

1. June 25, 2002- Convicted in the Superior Court of New Jersey, Mercer County of eluding and unlawful means of conveyance, stemming from an arrest on January 7, 2000. Sentenced to concurrent terms of 3 years' imprisonment.

2. June 25, 2002- Convicted in the Superior Court of New Jersey, Mercer County of possession of a controlled dangerous substance on or near a school zone, stemming from an arrest on March 8, 2002. Sentenced to a term of 4 years' imprisonment.

3. June 8, 2006- Convicted in the United State District Court for the District of New Jersey of unlawful possession of a firearm by a convicted felon, stemming from an arrest on February 10, 2005. Sentenced to a term of 44 months' imprisonment.

PSR, ¶¶ 40, 43-44.

On June 26, 2018, pursuant to a plea agreement, Petitioner pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. §922(g)(1); and possession with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C). (*See* ECF No. 7-9.) At the plea hearing, Petitioner admitted to having been previously convicted of unlawful possession of a firearm by a convicted felon in

3

June 2008, in the District Court of New Jersey. (*Id.* at 31:7-10.) In January 2019, the Court sentenced Petitioner to concurrent terms of 84 months' imprisonment on both counts. (ECF No. 7-11.)

Petitioner did not file an appeal challenging his conviction or sentence. Instead, on January 1, 2020, Petitioner filed a Section 2255 motion in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and arguing the Court lacked subject-matter jurisdiction to impose his sentence. (ECF No. 1.) The Court administratively terminated the motion for failure to use the correct Section 2255 form, and Petitioner filed the instant motion on April 4, 2020. (ECF Nos. 2 & 3.)

### III.

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a

4

complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

## IV.

### A. Rehaif Claim

In ground one, Petitioner alleges that in light of the Supreme Court decision in *Rehaif*, his guilty plea is invalid. Petitioner argues he entered his plea unknowingly, because he was not advised the Government would be required to prove that he knew that he was a felon at the time he possessed the firearm (knowledge of status) at issue in his conviction. (*See* ECF No. 3 at 16-18.)

A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif*, the Supreme Court held that, in order to be found guilty of violating 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of

the categories of people barred from possessing a firearm under the statute at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. Because Petitioner's § 922(g) charge was premised on his having been a convicted felon at the time he possessed the firearm, *see* 18 U.S.C. § 922(g), in this matter *Rehaif* would require that Petitioner admit, or the Government prove, that Petitioner knew at the time he possessed the firearm that he had knowledge of status. *United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020).

While the Government does not argue the substance of knowledge of status, and instead argues that Petitioner's *Rehaif* claim is procedurally defaulted, and he cannot overcome this default. Where an issue was not raised at trial nor on direct appeal, it has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (explaining that a claim becomes procedurally defaulted when it is the type of claim that "can be fully and completely addressed on direct review based on the record created. . . ."); *Farlow v. United States*, No. 20-10679, 2020 WL 838351, at *3 (D.N.J. March 5, 2021)(finding that the defendant had procedurally defaulted his *Rehaif* claim by failing to raise it on direct appeal.) Since Petitioner had not appealed, Petitioner failed to raise a claim that he was unaware of the knowledge of status requirement at issue in his current conviction. As such, Petitioner's claim is procedurally defaulted.

To overcome this procedural default, Petitioner must demonstrate "cause" for and "actual prejudice" emanating from the default, or that he is actually innocent. *Bousley*, 523 U.S. at 622–23. Any argument from Petitioner that a direct appeal claim that the government should have been required to show he had knowledge of his status would have been futile because appellate courts had routinely rejected the argument prior to the Supreme Court decision in *Rehaif*, fails to show cause to excuse his default. The Supreme Court has found "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* (internal quotation marks and citations omitted). The exception to that rule is if the claim was "so novel" at the time "that its legal basis [was] not reasonably available to counsel." *Id.* at 622 (internal quotation marks and citations omitted). The issue ultimately decided by the Supreme Court in *Rehaif*, had been litigated for years prior in lower courts. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (listing several prior cases addressing the knowledge requirement under § 922(g)); *see also United States v. Morales-Ortiz*, Criminal Action No. 11-143, 2020 WL 7246913, at *3 (E.D. Pa. Dec. 9, 2020) ("Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years.")

In a direct review context, the United States Supreme Court in *Greer v. United States* recently considered the argument that making a *Rehaif* objection during a plea

colloquy would have been futile because *Rehaif* undid a "uniform wall of precedent" from the courts of appeals. — U.S. —, 141 S. Ct. 2090, 2099 (2021). The Supreme Court considered Federal Rule of Criminal Procedure Rule 51's "focus on a party's opportunity to object-rather than a party's likelihood of prevailing on the objection-" and found that "all that mattered was the defendant failed to raise a contemporaneous [*Rehaif*] objection" during his plea colloquy. *Id.* (citations omitted); *see United States v. DeCastro*, 49 F.4th 836, 845-846 (3rd Cir. 2022) (finding petitioner's reference to the "wall of precedent" prior to *Rehaif* "is no excuse for his failure to preserve a *Rehaif* argument.") Petitioner here failed to raise a contemporaneous *Rehaif* objection at his plea colloquy and failed to raise this issue of direct appeal. Petitioner has not shown cause for his default.

Additionally, Petitioner's procedural default cannot be excused under the actual innocence exception pursuant to which he has the burden to demonstrate "that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. This requires he present new, credible evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggan v. Perkins*, 569 U.S. 383, 401 (2013). Here, Petitioner cannot show actual innocence. Any claim that Plaintiff did not know he was a felon at the time of his possession of firearm appears to be objectively meritless. He had at least three convictions that were

8

punishable by more than 1 year of imprisonment, including a conviction in this court for possession of a firearm by a convicted felon, and served terms of incarceration in excess of 1 year before his possession of a firearm by a convicted felon charge here. *See* PSR ¶¶ 41, 43-44. As such, Defendant cannot show that no reasonable juror would have convicted him of violating § 922(g)(1). *See Farlow,* 2020 WL 838351, at *3; *United States v. Saunders*, 2020 WL 5569785, at *5 (E.D. Pa. Sept. 17, 2020) ("No reasonable juror would ever find that [Defendant] did not know that he had spent over two years in prison before he possessed a firearm."). Petitioner cannot overcome the procedural default bar.

Petitioner argues the failure to require the government to prove that Petitioner knew that he was a felon at the time he possessed the firearm at issue in his conviction was a structural error. (*See* ECF No. 8 at 2-4.) Plaintiff relies on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). In *Gary*, the defendant pled guilty to being a felon-in-possession before the Supreme Court decided *Rehaif* and was not informed of the knowledge-of-status element. 954 F.3d at 198-99. The Fourth Circuit held allowing the defendant to plead guilty without informing him of one of the essential elements of a § 922(g) offense constitutes structural error and vacated the prisoner's guilty plea and conviction. *Id.* at 198. Petitioner's reliance on *Gary* is unconvincing because the Supreme Court reversed the Fourth Circuit's *Gary* decision in *Greer*. 141 S.Ct. 2090. In *Greer*, the

9

Supreme Court held a *Rehaif*-error in a plea colloquy is not structural; rather, a prisoner raising a forfeited *Rehaif*-error on direct appeal must satisfy the "ordinary plain-error test" and show that "he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. Petitioner's structural error argument as to his guilty plea is therefore unavailing.

### B. Subject-Matter Jurisdiction Claim

Petitioner's second ground for relief is that the Court lacked "subject-matter jurisdiction" to impose sentence. (*See* ECF No. 3 at 19-21.) Petitioner appears to argue the Court lacked subject-matter jurisdiction to sentence him because the government failed to include the fact that officers moved Petitioner's vehicle before searching it in the affidavit filed in support of the criminal complaint. (*See id.*) Plaintiff alleges the government's actions resulted in a criminal complaint obtained through "fraud." (*Id.* at 20.) Petitioner claims that due to this fraudulent criminal complaint, the Court lacked jurisdiction to enter judgment against Petitioner. (*Id.* at 20-21.)

As an initial matter, Petitioner has procedurally defaulted any claim that the criminal complaint against him was obtained through fraud. Petitioner did not raise this argument on direct appeal. He is therefore barred from raising it in his present § 2255 motion unless he "can first demonstrate either 'cause' and actual 'prejudice', or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622. Petitioner fails to argue

cause and prejudice or that he is actually innocent. As such, any claim that the criminal complaint was obtained through fraud is procedurally defaulted.

Petitioner's purported challenge to this Court's subject-matter jurisdiction cannot be defaulted, however, it is without merit. The Supreme Court has limited challenges to subject-matter jurisdiction to the district "courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). In every criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231, which provides that "the district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

This Court properly exercised subject-matter jurisdiction over Petitioner's case because the federal government charged Petitioner by information for a violation of two federal criminal statutes based on events that occurred in this district. *See id.* Petitioner argues the government committed fraud in the criminal complaint, which divested this Court of its jurisdiction over Petitioner's federal criminal charges. Petitioner may have been able to argue for suppression of the evidence found as a result of the alleged fraud; however, Petitioner offers no legal

authority to support his claim that the Court lacked subject-matter jurisdiction over the criminal charges against him. In sum, jurisdiction was proper.

## V.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner has not met the standard for a COA on either of his claims discussed in this opinion. Thus, a COA will not issue.

## VI. CONCLUSION

For the foregoing reasons, Petitioner's *Rehaif* claim is denied as procedurally defaulted and Petitioner's subject-matter jurisdiction claim is denied as meritless. A certificate of appealability shall not issue. An appropriate order follows.

DATED: February 14, 2023

                                                              PETER G. SHERIDAN
                                                              United States District Judge